IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE FISHER | : | CIVIL ACTION |
| v. | : | |
| SUPT. JAMES WYNDER, et al. | : | NO. 06-4183 |

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER  June 13, 2007
United States Magistrate Judge

  Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Petitioner is presently incarcerated at the State Correctional Institution at Dallas, Pennsylvania.  For the reasons stated below, the court recommends that the petition be denied.

**I.  BACKGROUND**

  On June 7, 1999, after a bench trial, the Honorable Stephen R. Geroff, convicted petitioner of aggravated assault, possessing an instrument of crime, criminal conspiracy, recklessly endangering another person, possession of firearms not to be carried without a license, and carrying firearms on public streets or property in Philadelphia, Pennsylvania.  On September 16, 1999, Judge Geroff sentenced petitioner to an aggregate sentence of twelve and one-half to twenty-five years imprisonment.

  The trial evidence showed that on June 23, 1995, Willie Lamback, who at the time was sixteen years old, got into a fistfight with petitioner's cousin, Randolph Fisher.  (N.T., 6/7/99 at 53-56.)  About two hours after the fight was over, Lamback and a friend came in contact with Fisher and petitioner about a block away from Lamback's house.  <u>Id.</u> at 55-56.  Randolph Fisher

and Lamback exchanged words and agreed to fight. Id. at 57. Thereafter, a crowd gathered around Randolph Fisher and Lamback, and Lamback told petitioner "to take [Lamback's] legs out." Id. Petitioner then shot Lamback approximately six times, hitting him in the legs, buttocks and genitals. Id. at 58-60. Lamback survived the shooting and later identified Randolph Fisher from a photo array. Id. at 65-66. Randolph Fisher was arrested and charged with aggravated assault. While in custody, Randolph Fisher gave a statement which implicated petitioner in the shooting. Id. at 114. Almost one year later, Lamback identified petitioner as the shooter from photographs shown to him on a computer by a police detective. Id. at 67. See Commonwealth v. Fisher, No. 1123 EDA 2004, slip op. at 1-2 (Pa. Super. Ct. Jan. 19, 2006) (describing trial evidence).

   Petitioner initially did not file a direct appeal. Later, petitioner had his direct appellate rights reinstated, nunc pro tunc. Petitioner then appealed to the Pennsylvania Superior Court. He raised three issues: (1) counsel was ineffective for failing to file a motion for reconsideration of sentence and a direct appeal; (2) counsel was ineffective for failing to "adequately investigate the facts of the case;" and (3) petitioner was prejudiced by the Commonwealth's pre-arrest delay. On June 18, 2006, the Superior Court affirmed petitioner's judgment of sentence. Commonwealth v. Fisher, No. 2564 EDA 2001, (Pa. Super. Ct. June 18, 2002). Petitioner did not file a petition for allowance of appeal in the Pennsylvania Superior Court.

   On August 28, 2002, petitioner filed a pro se motion for state collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. The court appointed counsel, who later filed a "no merit" letter. On October 27, 2003, the

PCRA court dismissed the petition.

Petitioner filed a pro se appeal to the Superior Court and raised only one issue: "The appellant cannot file arguments since he does not have a [complete] set of trial transcripts, in violation of his constitutional rights." Commonwealth v. Fisher, No. 1123 EDA 2004, Appellant's Br. at 3 (Pa. Super. Ct. Filed Sept. 14, 204)(Resp. Ex. F)). On October 20, 2005, the Superior Court ordered that petitioner be furnished with a complete set of transcripts. On November 9, 2005, after receiving the transcripts, petitioner filed a Supplemental Appellate Brief. Petitioner then raised the following arguments: (1) the trial court abused its discretion when it admitted evidence of other crimes committed by petitioner; (2) the prosecutor committed misconduct; (3) trial counsel was ineffective for failing to secure transcripts for petitioner; (4) appellate counsel was ineffective for failing to appeal the order denying the Rule 600 (Speedy Trial) Motion; and (5) the trial court abused its discretion when it failed to state on the record the reasons it sentenced petitioner outside of the guidelines. On January 19, 2006, the Pennsylvania Superior Court affirmed petitioner's judgment of sentence. Commonwealth v. Fisher, No. 1123 EDA 2004 (Pa. Super. Ct. Jan. 19, 2006). Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On September 19, 2006, petitioner filed the instant petition for a writ of habeas corpus. He raised the following five claims:

1. The trial court abused its discretion when it admitted evidence of other crimes committed by petitioner;

2. The prosecutor committed misconduct;

3. Trial counsel was ineffective for failing to secure transcripts for petitioner;

    4.        Appellate counsel was ineffective for failing to appeal the order denying the Rule 600 (Speedy Trial) Motion; and

    5.        The trial court abused its discretion when it failed to state on the record the reasons it sentenced petitioner outside of the guidelines.

On September 26, 2006, petitioner filed a second PCRA petition. In the petition, he alleged that counsel was ineffective for his failure to object to the imposition of an illegal sentence. This PCRA petition is still pending in the state court.[1]

On March 6, 2007, the Commonwealth filed a Response to the federal petition and argued that the petitioner's claims should be denied because they are meritless or procedurally defaulted. On April 5, 2007, the petitioner filed a Reply to the Commonwealth's Answer.

## II. DISCUSSION

### A. Exhaustion and Procedural Default.

As noted above, the Commonwealth argues that some of petitioner's claims are procedurally defaulted. Before proceeding to examine each of the claims, the court will first review the doctrine of procedural default.

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838,

---

[1] This court ordered the clerk of the state court to produce the trial transcript and record to the court. The record was not produced because it is in the possession of the PCRA court. The District Attorney for Philadelphia provided this court with a copy of the trial transcript.

845, 847 (1999); Nara v. Frank, 2007 WL 1321929, at *8 (3d Cir. May 8, 2007).[2] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."). Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990). "Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Id.

      However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991). The Supreme Court stated:

---

[2] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this Order. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

> [I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims.

Id. at 735 n.1.  Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show that "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefrom; or (3) that a fundamental miscarriage of justice will occur if not considered."  Peterkin v. Horn, 176 F. Supp. 2d 342, 353 (E.D. Pa. 2001), amended by, 179 F. Supp. 2d 518 (E.D. Pa. 2002).  See also Doctor v. Walters, 96 F.3d 675, 683 (3d Cir. 1996) (same).

"A state [procedural] rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instance is consistent with other decisions."  Doctor, 96 F.3d at 683-84.  "A state [procedural] rule is adequate only if it is 'consistently and regularly' applied."  Id. at 684.

Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules.  Caswell, 953 F.2d at 862.  To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage."  Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  Additionally, the fundamental miscarriage of justice exception to procedural default is only concerned with

6

"actual" innocence and petitioner must show that it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327 (1995).

    B.    **Standard of Review for Habeas Cases.**

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). With respect to § 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority. Id. at 406-08. See also Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir.) (en banc) (to prove entitled to relief under "contrary to" clause, "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible

than the state court's; . . . petitioner must demonstrate that Supreme Court precedent requires the contrary outcome") (emphasis in original), cert. denied, 528 U.S. 824 (1999).

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411. Relief is appropriate only where the state court decision is also objectively unreasonable. Id. See Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent), cert. denied, 532 U.S. 980 (2001).

With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). As the Supreme Court recently stated: "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold." Schriro v. Landrigan, 127 S. Ct. 1933, 1939 (2007). Furthermore, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### C. Standard for Ineffective Assistance of Counsel Claims.

Several of petitioner's claims allege ineffective assistance of counsel. Before the court addresses the specifics of these claims, the court will first review the standards used to evaluate an ineffective assistance claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under the Strickland test, a petitioner must show: (1) that his attorney's representation fell well below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 688-96. To satisfy the first prong of the Strickland test, a petitioner is required to show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

To satisfy the second prong of the Strickland test, a petitioner must show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine

confidence in the outcome" of the proceeding. Id. It follows that counsel cannot be ineffective for failing to pursue meritless claims or objections. United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999); United States v. Fulford, 825 F.2d 3, 9 (3d Cir. 1987).

Where, as in the instant case, the state court has already rejected an ineffective assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28 U.S.C. § 2254(d)(1). As the Supreme Court stated:

> If a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.

Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) (citations omitted).

### III.  PETITIONER'S CLAIMS

#### Claim No. 1:  The Trial Counsel Abused Its Discretion When It Admitted Evidence Of Other Crimes Committed By Petitioner.

Petitioner argues that the trial court erred in admitting evidence of petitioner's prior crimes in violation of the Pennsylvania Rules of Evidence. Petitioner raised this issue for the first time on appeal from the denial of his PCRA petition. He did not raise it in his PCRA petition before the lower court. Commonwealth v. Fisher, No. 1123 EDA 2004, slip op. at 10 (Pa. Super. Ct. Jan. 19, 2006). Thus, the Superior Court found that the issue was waived and could not be considered on appeal. Id. (citing 42 Pa. Cons. Stat. Ann. § 9544(b)).

Petitioner's failure to raise this claim in accordance with Pennsylvania's rules of procedure results in a procedural default for purposes of federal habeas review. See Sistrunk v. Vaughn, 96 F.3d 666, 674 (3d Cir. 1996) (holding that waiver provision of 42 Pa. Cons. Stat.

Ann. § 9544(b) constituted an independent and adequate state ground for procedural default purposes). This court cannot excuse the procedural default because petitioner had not shown cause for the default and actual prejudice therfrom, or that failure to consider the claims would result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 749-50. Thus, petitioner's first claim must be denied because it is procedurally defaulted.

The first claim should be denied for an additional reason. In his brief filed in the Superior Court, as well as the brief he filed in this court, petitioner only argued that the admission of the other crimes evidence violated Pennsylvania law. He only discussed Pennsylvania cases and did not reference any federal constitutional provision, or cases. See Resp. Ex. G at 8-11. This court only can grant habeas relief when there is a violation of the federal constitution or law. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal courts cannot reexamine a state court's determination of statel law); Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997) ("the federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension"). See also England v. Stepanik, 1993 WL 264899, at *7 (E.D. Pa. July 13, 1993) (Shapiro, J.) (admission of evidence "is a matter of state law and usually does not form the basis for habeas corpus relief."). Thus, petitioner's first claim, based on state law, is not cognizable in a federal habeas corpus proceeding and, therefore, must be denied for this additional reason.

**Claim No. 2: <u>Prosecutorial Misconduct.</u>**

Petitioner's second claim is that the prosecutor committed misconduct during the trial and closing argument. (Pet.'s Mem. of Law at 12-13). As was the case with petitioner's first claim, the Superior Court refused to review this claim because petitioner failed to raise it in

the lower court in his PCRA petition.  For the same reasons that petitioner's first claim is procedurally defaulted, petitioner's second claim is procedurally defaulted.  Petitioner has not shown cause for the failure to comply with the state's procedural rules or that the failure to consider the claim will result in a miscarriage of justice.  Thus, the second claim must be denied.

### Claim No. 3:  Trial Counsel Was Ineffective For Failing To Secure Transcript For Petitioner.

Petitioner's third claim for relief is that trial counsel was ineffective for failing to order a trial transcript.  Petitioner did not have a copy of the trial transcript on direct appeal, but did have it on appeal from the denial of his PCRA petition.  Specifically, on September 13, 2004, petitioner filed his first brief to the Superior Court and stated that he could not formulate any claims until he had a copy of the transcripts.  The Superior Court ordered that petitioner be provided with a copy of the transcript and petitioner received the transcript on October 20, 2005. See Superior Court Docket, pp. 5-6.  After receipt of the transcripts, petitioner filed a Supplemental Brief, raising new issues.

In rejecting this claim of ineffectiveness of counsel, the Superior Court found that petitioner was not prejudiced by trial counsel's failure to order the trial transcript because he was able to file a supplemental appellate brief in the Superior Court after he was supplied with the transcript.  Commonwealth v. Fisher, No. 1125 EDA 2004, slip op. at 10 (Pa. Super. Ct. Jan. 19, 2006).  In fact, petitioner filed a supplemental brief raising five additional issues after he received the transcript.  Id.

In order to prove ineffective assistance of counsel, a petitioner must not only show that counsel's performance was deficient, but that the performance prejudiced the defense.

Strickland, 466 U.S. at 687.  To show prejudice, petitioner must show that there is a "reasonable probability that, but for counsel's errors, the trial's outcome would have been different." Hess v. Mazurkiewicz, 135 F.3d 905, 909 (3d Cir. 1998).  "The reviewing court does not need to first determine whether counsel's performance was unreasonable under the circumstances and then look at prejudice – it can first determine whether the errors were prejudicial and then decide if counsel's performance was unreasonable." United States v. Fisher, 43 Fed. Appx. 507, 511 (3d Cir. 2002) (non-precedential).

Here, petitioner has not shown how he was prejudiced by the failure to obtain the trial transcript sooner rather than later.  He has not identified any issues he was precluded from arguing on appeal because he did not have the trial transcript.  Moreover, petitioner has not shown the Pennsylvania appellate courts rejected his claims because he did not have the transcript.  Accordingly, the Superior Court's finding that petitioner was not prejudiced by trial counsel's failure to secure the transcript was not an unreasonable determination under all the circumstances.  Petitioner's third claim, therefore, should be denied.

### Claim No. 4:  Appellate Counsel Was Ineffective For Failing To Appeal The Order Denying The Rule 600 (Speedy Trial) Motion.

Petitioner next argues that counsel was ineffective for failing to appeal the denial of petitioner's Rule 600 motion, requiring a speedy trial.[3]  The Superior Court of Pennsylvania reviewed this claim in great detail and concluded that because the underlying claim was meritless, counsel was not ineffective for failing to raise the claim. Commonwealth v. Fisher,

---

[3] Pa. R. Crim. P. 600 generally requires a trial within 180 days from the date on which the complaint is filed if the defendant is incarcerated, 365 days if the defendant is at liberty on bail.

13

No. 1123 EDA 2004, slip op. at 11-17 (Pa. Super. Ct. Jan. 19, 2006).

This court is bound by the Superior Court's determination that Rule 600 was not violated in petitioner's case.  See Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (federal court is bound by a state court's determination that a jury instruction comported with state law); Johnson, 117 F.3d at 115 ("[O]nly in extraordinary and compelling circumstances should a federal district court in a habeas corpus case decline to follow the opinions of a state intermediate court of appeal with respect to state law rendered in earlier proceedings involving the petitioner.").  Therefore, because the Superior Court found that the Rule 600 claim was meritless, petitioner was not prejudiced by appellate counsel's decision not to appeal the order denying the Rule 600 motion.  Petitioner's fourth claim, therefore, must be denied.

### Claim No. 5: The Trial Court Abused Its Discretion When It Failed To State On The Record The Reasons It Sentenced Petitioner Outside the Guidelines.

Petitioner's last claim is that the sentencing court violated Pennsylvania's Sentencing Guidelines because the court failed to state on the record the aggravating factors which warranted the imposition of a sentence above the standard.  (Pet.'s Mem. of Law at 22).

As with petitioner's first and second claims, the Superior Court of Pennsylvania refused to consider this claim because it was not raised in the PCRA court and, therefore, was waived pursuant to 42 Pa. Cons. Stat. Ann. § 9544(b).  See Commonwealth v. Fisher, No. 1123 EDA 2004, slip op. at 10 (Pa. Super. Ct. Jan. 19, 2006).  Thus, for the same reasons this court found petitioner's first and second claims to be procedurally defaulted, the court finds petitioner's last claim to be procedurally defaulted.  Petitioner has not shown cause for the failure to comply with the state's procedural rules or that the failure to consider the claim will result in a

miscarriage of justice. Thus, the last claim must be denied.

Furthermore, this claim only alleges a violation of Pennsylvania law, and not a violation of the federal constitution. Thus, the claim is not cognizable in a federal habeas corpus proceeding. See Jones v. Sup't. of Rahway State Prison, 725 F.2d 40, 43 (3d Cir. 1984) (holding that errors of state law in sentencing are not cognizable in federal habeas proceedings). See also Sutton v. Gillis, 2004 WL 1687867, at *4 (E.D. Pa. July 27, 2004) (same); Knight v. Beyer, 1989 WL 68618, at *6 (D.N.J. June 22, 1989) ("Absent some constitutional violation, it is clear that, particularly in the area of state sentencing guidelines, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure."). Thus, for this additional reason, the petitioner's last claim should be denied.

Accordingly, the court makes the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 13th day of June, 2007, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, and that no certificate of appealability ("COA") be granted.[4]

BY THE COURT:

/s/Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

[4] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).